IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICKY LEE JONES,**

                **Petitioner,**

     v.                               **CASE NO. 05-3042-RDR**

**WARDEN GALLEGOS,**

                **Respondent.**

**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record which includes respondent's answer and petitioner's traverse, the court finds this matter is ready for decision.

Petitioner is serving a sentence imposed upon his conviction in the United States District Court for the Southern District of Florida on drug and gun charges. *See* U.S. v. Jones (S.D.Fla. Case No. 96-CR-1006), *affirmed* (11th Cir. 1998). Although the record does not specifically detail petitioner's post-conviction litigation, it sufficiently discloses that plaintiff sought relief without success under 28 U.S.C. 2255 and through a motion to modify his term of imprisonment. Petitioner now seeks habeas corpus relief under 28 U.S.C. 2241, alleging his conviction and

sentence is unconstitutional under United States v. Booker[1] because the notice of penalty in the indictment was defective, and because the jury did not determine the amount of marijuana involved in petitioner's crimes.

Respondent contends that relief on petitioner's Booker claim must be pursued under 28 U.S.C. 2255, and argues this court lacks jurisdiction under 28 U.S.C. 2241 to consider petitioner's habeas application.  The court agrees.

A petition under 28 U.S.C. 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment, and must be filed in the district court that imposed the sentence. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  It is well recognized that section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  A petitioner may seek relief under 28 U.S.C. 2241 only if he shows the remedy available under section 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.[2]  Bradshaw, 86 F.3d at 166.  *See also*

---

[1]*See* United States v. Booker, 125 S.Ct. 738 (2005)(including companion case United States v. FanFan) (Supreme Court extends rationale in Apprendi v. New Jersey, 530 U.S. 466 (2000), *and* Blakely v. Washington, 124 S.Ct. 2531 (2004), to federal sentencing guidelines, finding mandatory provisions of U.S. Sentencing Guidelines are unconstitutional).

[2]This "savings clause" text appears in 28 U.S.C. 2255 which prohibits the district court from entertaining an application for

<u>Williams v. United States</u>, 323 F.2d at 673 (for federal prisoners, section 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention").  The "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."  <u>Id</u>. (quotation omitted).  Nor is section 2255 rendered inadequate or ineffective by the mere fact that petitioner is procedurally barred from filing a second or successive 2255 application.  *See* <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1179 (10th Cir. 1999).

In this case, petitioner essentially argues the remedy available under 28 U.S.C. 2255 is inadequate or ineffective because such relief is now foreclosed.  This is insufficient to satisfy the  savings clause in section 2255.   Moreover, the Tenth Circuit Court of Appeals has refused to retroactively apply <u>Booker</u> to cases on collateral review.[3]   *See* <u>Bellamy v. United States</u>, __F.3d __, 2005 WL 1406176, at *2-4 (10th Cir. June 16,

---

a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

[3]Petitioner acknowledges as much in his petition, but contends he is therefore entitled to seek relief under 28 U.S.C. 2241 to avoid an ex post facto violation.  This bare contention and argument is insufficient to demonstrate that relief available under 28 U.S.C. 2255 is inadequate or ineffective to test the legality of petitioner's detention, and to thereby establish jurisdiction for this court to consider petitioner's claims under 28 U.S.C. 2241.

2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005).

Accordingly, because section 2255 offers the exclusive remedy on petitioner's allegations of error in his conviction and sentence, and because petitioner has not demonstrated that this remedy is inadequate or ineffective to address the legality of his detention, this court has no jurisdiction under 28 U.S.C. 2241 to consider petitioner's claims. Petitioner's motion for a preliminary injunction (Doc. 7) to prevent petitioner's transfer from USPLVN is denied without prejudice.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is dismissed.

IT IS FURTHER ORDERED that petitioner's motion for a preliminary injunction (Doc. 7) is denied without prejudice.

DATED: This 11th day of July 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge